UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Colleen P. Finnegan,<br><br>    Plaintiff,<br><br>v.<br><br>Medco Health Solutions, Inc. as the Plan Administrator of the Medco Health Solutions, Inc. Welfare Benefit Plan, Express Scripts, Inc., as the parent of, or successor to, Medco Health Solutions, Inc., and The Prudential Insurance Company of America as the Designated Fiduciary of the Plan,<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff, Colleen P. Finnegan ("Plaintiff"), by and through her undersigned counsel, and by way of this Complaint against Medco Health Solutions, Inc. as the plan administrator of the Medco Health Solutions, Inc. Welfare Benefit Plan ("Medco"), against Express Scripts, Inc. ("Express Scripts") as the parent company of, or successor in interest to, Medco, and against the Prudential Insurance Company of America as the Designated Fiduciary of the Plan ("Prudential"), alleges as follows:

**SUMMARY OF ACTION**

1.    This Complaint arises in respect of the Medco Health Solutions, Inc. Welfare Benefit Plan (the "Plan").

2.    This Complaint arises from the breach of fiduciary duty that the Defendants, and each of them, as fiduciaries and/or co-fiduciaries, owed to the Plaintiff and similarly-situated Plan participants, under the Employee Retirement Income Security Act of 1974, as amended, 29

U.S.C. §1001, et seq. ("ERISA"), as well as for unlawful actions taken against Plaintiff in retaliation of her exercise of her rights under ERISA.

## THE PARTIES

3. Plaintiff is an individual residing in Providence Forge, Virginia.

4. Defendant Medco Health Solutions, Inc. Welfare Benefit Plan is an employee welfare benefit plan that is subject to ERISA (the "Plan").

5. Defendant Medco Health Solutions, Inc. ("Medco") is the "plan sponsor" of the Plan within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B), as evidenced by its filing of a Form 5500 on behalf of the Plan.

6. Defendant Medco is the "plan administrator" of the Plan within the meaning of § 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A) because, among other reasons, the Plan did not indicate or designate the name of a plan administrator on its most recent Form 5500 or on other key instruments relating to the Plan.

7. Defendant Medco is located in Franklin Lakes, New Jersey and has an agent for service of process located in the District of New Jersey.

8. Defendant Express Scripts, Inc. ("Express Scripts"), a Delaware Corporation, is the parent company of Medco and has an agent for service of process in the District of New Jersey.

9. Defendant Prudential Insurance Company of America ("Prudential") was contracted by Medco to undertake fiduciary responsibility of the Plan to manage life insurance policies for Medco employees.

10. Prudential resides in this District and operates multiple offices throughout New Jersey, including at 1 Gateway Center, Newark, NJ 07102.

## JURISDICTION AND VENUE

11. This Court has jurisdiction of this action by reason of 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1), and 28 U.S.C. § 1331(a).

12. Declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201 and 2202, respectively, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by 29 U.S.C. §§ 1132(a)(1)(B), and (a)(2), and (a)(3), ERISA §§ 502(a)(1)(B), 502(a)(2) and 502(a)(3).

13. Venue is proper by reason of 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2) because at least one Defendant resides in this District.  Further, Defendants are subject to personal jurisdiction in this District.

14. Plaintiff asserts jurisdiction pursuant to § 502(e) of ERISA, 29 U.S.C. § 1132(e), and 28 U.S.C. § 1331.

15. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and violated ERISA within this District.

## EXHAUSTION OF ADMINISTRATIVE CLAIMS
## TO PURSUE RELIEF FOR STATUTORY VIOLATIONS OF ERISA
## IS NOT REQUIRED

16. On or about October 31, 2014, Plaintiff filed an administrative appeal of her discontinuation of her Long Term Disability benefits with CIGNA Group Insurance. At the time of the filing of this Complaint, that administrative appeal is still pending.

17. This Complaint, however, does **not** seek to recover benefits of Plaintiff's Long Term Disability. Nor does this Complaint seek to enforce the contractual rights created by the terms of the Plan. Instead, **this Complaint asserts only statutory violations of ERISA's statutory guarantees**.

18. Exhaustion of administrative remedies is **not** required to pursue relief for statutory violations of ERISA's statutory guarantees. See Zipf v. AT & T, 799 F.2d 889, 891-94 (3d Cir. 1986); see also Stephens v. Pension Benefit Guaranty Corporation, 755 F.3d 959, 965 (D.C. Cir. 2014) (citing cases).

## FACTUAL ALLEGATIONS

19. Plaintiff was a former employee of Medco or one of its subsidiaries or affiliates.

20. Upon information and belief, Express Scripts, Inc. acquired Medco on or about April 3, 2012. When the merger between Express Scripts, Inc. and Medco was complete, both companies became subsidiaries of "Express Scripts Holding Company." Express Scripts Holding Company is a publicly traded entity, trading on NASDAQ under the symbol ESRX.

21. Medco and/or Express Scripts were the plan sponsor of the Plan.

22. Plaintiff is and was a "participant" of the Plan within the meaning of § 3(7) of ERISA, 29 U.S.C. § 1002(7).

23. The Plan is subject to ERISA.

24. Medco and/or Express Scripts is the "plan administrator" of the Plan within the meaning of § 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

25. Effective January 1, 2012, the Plan provided in part:

> If you begin receiving LTD benefits, Basic Life and Basic AD&D [Accidental Death & Dismemberment] Insurance coverages in effect on the date you become (or became) eligible for LTD benefits **will continue at no cost to you**. . . .
>
> You must also provide proof to Prudential that you have become totally disabled and have remained totally disabled for six months, provided that the total disability commenced while you were insured and before age 65. Your coverage will continue uninterrupted while you remain totally disabled up to age 70, provided you provide proof of your continued disability annually to Prudential.

4

26. From January 27, 2012 through April 19, 2012, Plaintiff was on Family Medical Leave Act ("FMLA").

27. From January 27, 2012 through July 27, 2012, Plaintiff was on Short Term Disability leave.

28. On July 28, 2012, Plaintiff transitioned to Long Term Disability.

29. On or about April 10, 2013, while Plaintiff was still on Long Term Disability, Medco and/or Express Scripts terminated Plaintiff from her employment.

30. During the time Plaintiff was on Long Term Disability until her termination, Prudential was responsible for providing Plaintiff life insurance benefits. However, when Medco and/or Express Scripts terminated Plaintiff from her employment, Medco and/or Express Scripts also terminated Plaintiff's life insurance benefits.

31. At the time of her termination, Plaintiff did not know that her life insurance benefits were also terminated.

32. On or about May 10, 2013, Plaintiff received a COBRA Continuation Coverage Election Notice ("COBRA notice"). The COBRA notice stated:

> Due to your recent separation from your employer, the life insurance coverage you carried as an active employee has terminated.

33. Plaintiff learned soon thereafter that she would need to pay approximately $3,000 to port her life insurance plan.

34. Medco and/or Express Scripts failed to inform Plaintiff that even though she was terminated from her employment, she had the right to continue her free life insurance benefit pursuant to the Plan.

5

35. In Plaintiff's pursuit to regain her free life insurance benefit, Plaintiff learned that there were three requirements to receive life insurance coverage: (1) be on Long Term Disability, (2) be less than 70 years old, and (3) send her Long Term Disability information to Prudential on an annual basis.

36. Plaintiff was in constant contact with Medco and/or Express Scripts in attempts to continue her free life insurance benefits. Through telephone and electronic email ("email"), Plaintiff sought to obtain the necessary information and acquire the necessary forms from Medco and/or Express Scripts, so that Plaintiff could pass on that information to Prudential in order to continue receiving free life insurance benefits.

37. When Express Scripts finally sent Plaintiff the requested information, including the 2012 Summary Plan Description, an excerpt of which is set forth in Paragraph 25 of this Complaint, Plaintiff proceeded to send the necessary information to Prudential. Plaintiff sent information proving that she was totally disabled, had been totally disabled for more than 6 months, and was under 65 years of age.

38. By letter dated November 26, 2013, Prudential "denied" Plaintiff the free life insurance benefit. In Prudential's own words:

> We have determined that you are not eligible for this benefit. . . . In order to be eligible for this benefit you had to become Totally Disabled while a covered individual and less than 65.

39. Remarkably, Prudential further stated that it was denying Plaintiff life insurance because:

> According to our records, your employer terminated their relationship with Prudential effective January 1, 2013. Therefore, as you are not a covered individual under this Group Policy, we are

6

denying your claim. . . . In addition, this claim should be submitted to the Insurance Company that is your current carrier.

40. Prior to receiving Prudential's letter of November 26, 2013, Plaintiff was unaware that Medco and/or Express Scripts had terminated the services of Prudential. Indeed, when Plaintiff corresponded with Express Scripts and/or Medco to have her free life insurance benefit reinstated, no one informed Plaintiff that Prudential was no longer the current life insurance carrier, nor did anyone inform Plaintiff the name of the current life insurance carrier.

41. In fact, Plaintiff did not know until January 2014 that Express Scripts purchased Group Term Life Insurance Policy from Minnesota Life Insurance Company on January 1, 2013.

42. Neither Medco nor Express Scripts informed Plaintiff that her life insurance benefits were terminated. Nor did Medco or Express Scripts inform Plaintiff that her life insurance benefits were no longer managed by Prudential. Nor did Medco or Express Script inform Plaintiff that Express Script became the Plan Sponsor of a Group Term Life Insurance Policy from Minnesota Life Insurance Company. Nor did Medco or Express Scripts explain to Plaintiff how her life insurance benefits would be impacted when Prudential was terminated or how Plaintiff's life insurance benefits would be affected when Express Scripts purchased Group Term Life Insurance Policy from Minnesota life Insurance Company.

43. Notwithstanding Prudential's assertion that Plaintiff's "claim should be submitted to the Insurance Company that is [the Plaintiff's] carrier," Plaintiff went on Long Term Disability in 2012, which makes Prudential the current carrier.

44. Plaintiff subsequently retained counsel for representation. Plaintiff, through her attorney, sent an "ERISA document letter" to Express Scripts on or about January 21, 2014, and requested certain documents and instruments under which the Plan is established or operated, each of which Plaintiff is entitled to request and receive pursuant to her rights under ERISA, § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

45. On February 20, 2014, Express Scripts responded to Plaintiff's request for ERISA documents.

46. By letter dated February 21, 2014, just one day after Express Scripts issued its response to Plaintiff's request for ERISA documents, Plaintiff's Long Term Disability was terminated.

47. Plaintiff's termination from Long Term Disability was in response to, and in retaliation of, Plaintiff's request for Plan documents.

48. Plaintiff's termination from Long Term Disability was retaliatory in nature.

49. Express Scripts retaliated against Plaintiff for exercising her rights under ERISA.

## FIRST COUNT
## BREACH OF FIDUCIARY DUTIES
## VIOLATION OF § 404 of ERISA, 29 U.S.C. § 1104

50. Plaintiff repeats and reasserts the allegations set forth above as if fully set forth herein.

51. Pursuant to § 404 of ERISA, 29 U.S.C. § 1104, Defendants Medco and Express Scripts have the responsibility of complying with the terms of the Plan documents and acting "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . . ."

52. At all times relevant to this Complaint, Defendants Medco and Express Scripts were fiduciaries of the Plan as defined by ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercised discretionary authority or control with respect to monitoring and management of the Plan and had discretionary authority or responsibility in the administration of the Plan.

53. Defendants Medco and Express Scripts knew or should have known that Prudential's services had been terminated and was no longer the carrier.

54. Defendants Medco and/or Express Scripts failed to inform Plaintiff that Prudential's services had been terminated and was no longer the carrier.

55. Defendants Medco and/or Express Scripts failed to disclose information to Plaintiff who was the current life insurance carrier, so that Plaintiff could send her application to the appropriate carrier in order to have her free life insurance benefit reinstated.

56. Defendants Medco and/or Express Scripts did not act with the "care, skill, prudence, and diligence" as required pursuant to § 404 of ERISA, 29 U.S.C. § 1104, by informing Plaintiff that Prudential's services had been terminated. Therefore, Defendants Medco and/or Express Scripts violated their fiduciary duties in violation of § 404 of ERISA, 29 U.S.C. § 1104.

57. Defendants' acts, omissions, misconduct, and failures, is a statutory violation of § 404 of ERISA, 29 U.S.C. § 1104.

58. As a result of such fiduciary breaches, Plaintiff suffered harm.

## SECOND COUNT
## VIOLATION OF ERISA
## BREACH OF FIDUCIARY DUTY
## VIOLATION OF § 404 of ERISA, 29 U.S.C. § 1104

59. Plaintiff repeats and reasserts the allegations set forth above as if fully set forth herein.

60. Defendants Medco and/or Express Scripts informed Plaintiff that she should contact Prudential in an attempt to have her life insurance benefits reinstated.

61. In referring Plaintiff to Prudential, Defendants Medco and/or Express Scripts authorized Prudential to act as a fiduciary (even though Prudential's services had been terminated).

62. In authorizing Prudential to act as a fiduciary (even though Prudential's services had been terminated), Defendants Medco and/or Express Scripts did not act with the "care, skill, prudence, and diligence" as required pursuant to § 404 of ERISA, 29 U.S.C. § 1104.

63. Defendants Medco and/or Express Scripts took no steps to notify Plaintiff that Prudential's services had been terminated and took no steps to rectify the problem with Prudential denied Plaintiff's application to have her free life insurance benefit reinstated.

64. Therefore, Defendants Medco and/or Express Scripts violated their fiduciary duties in violation of § 404 of ERISA, 29 U.S.C. § 1104.

65. Defendants' acts, omissions, misconduct, and failures, is a statutory violation of § 404 of ERISA, 29 U.S.C. § 1104.

66. As a result of such fiduciary breaches, Plaintiff suffered harm.

## THIRD COUNT
## VIOLATION OF ERISA
## BREACH OF FIDUCIARY DUTY
## VIOLATION OF § 404 of ERISA, 29 U.S.C. § 1104

67. Plaintiff repeats and reasserts the allegations set forth above as if fully set forth herein.

68. Because Plaintiff went on Long Term Disability and was under the age of 65, Prudential did not have the authority to deny Plaintiff's claim for free life insurance benefits on the basis that Prudential's services had been terminated as of January 1, 2013.

69. Therefore, Prudential violated its fiduciary duties in violation of § 404 of ERISA, 29 U.S.C. § 1104.

70. Prudential's acts, omissions, misconduct, and failures, is a statutory violation of § 404 of ERISA, 29 U.S.C. § 1104.

71. As a result of such fiduciary breaches, Plaintiff suffered harm.

## FOURTH COUNT
## VIOLATION OF ERISA
## BREACH OF FIDUCARY DUTY
## VIOLATION OF § 404 of ERISA, 29 U.S.C. § 1104

72. Plaintiff repeats and reasserts the allegations set forth above as if fully set forth herein.

73. Fiduciaries under ERISA are required to monitor the fiduciary activities of its fiduciary delegees.

74. Prudential is a fiduciary delegee. By referring Plaintiff to Prudential to have her life insurance benefits reinstated, Defendants Medco and/or Express Scripts gave Prudential the authority to act as fiduciary.

75. When Prudential denied Plaintiff's claim to continue her free life insurance benefit, Defendants Medco and/or Express Scripts failed to monitor Prudential's fiduciary activities.

76. Therefore, Defendants Medco and/or Express Scripts violated its fiduciary duties by failing to monitor Prudential's fiduciary activities in violation of § 404 of ERISA, 29 U.S.C. § 1104.

77. Medco and/or Express Scripts' acts, omissions, misconduct, and failures, is a statutory violation of § 404 of ERISA, 29 U.S.C. § 1104.

78. As a result of such fiduciary breaches, Plaintiff suffered harm.

## FIFTH COUNT
## VIOLATION OF ERISA
## CO-FIDUCIARY LIABILITY
## VIOLATION OF § 405(a)(1) of ERISA, 29 U.S.C. § 1105

79. Plaintiff repeats and reasserts the allegations set forth above as if fully set forth herein.

80. Defendants Medco and/or Express Scripts are Plan Administrators within the meaning of ERISA. As such, Medco and Express Scripts are fiduciaries, which carries the

responsibility of monitoring the activities of other fiduciaries in performing their fiduciary obligations.

81. Section 405(a)(1) of ERISA provides that a fiduciary with respect to a Plan shall be liable for a breach of fiduciary responsibility of *another fiduciary* with respect to the same Plan "if he participates knowingly in . . . an act or omission of such other fiduciary, knowing such act or omission is a breach."

82. Defendants Medco and/or Express Scripts delegated fiduciary responsibilities to Prudential to provide Plaintiff free life insurance benefits under the Plan.

83. When Plaintiff contacted Prudential to get her free life insurance benefit reinstated, Prudential knowingly participated in denying Plaintiff's free life insurance benefit even though Prudential knew that its services were terminated by either Medco and/or Express Scripts.

84. In denying Plaintiff her free life insurance benefit, Prudential (along with Medco and/or Express Scripts) acted as a co-fiduciary.

85. Medco, Express Scripts, and Prudential are all subject to co-fiduciary liability of § 405 of ERISA, 29 U.S.C. § 1105.

86. Prudential breached its fiduciary duty by denying Plaintiff's claim for free life insurance benefit even though it had no authority to issue a denial and because its services had been terminated by Medco and/or Express Scripts.

87. Defendant Medco and/or Express Script breached their fiduciary monitoring duties when it did not monitor Prudential's exercise of fiduciary duty in "denying" Plaintiff life insurance benefits.

88. Defendant Medco and/or Express Scripts breached their fiduciary duty when they failed to make reasonable efforts to remedy the Prudential's breach.

89. The violations by each of the co-fiduciaries is a statutory violation of ERISA § 405, 29 U.S.C. § 1105.

90. As a result, Plaintiff suffered harm.

**SIXTH COUNT**
**VIOLATION OF ERISA**
**RETALIATION**
**VIOLATION OF § 510 of ERISA, 29 U.S.C. § 1140**

91. Plaintiff repeats and reasserts the allegations set forth above as if fully set forth herein.

92. When Plaintiff requested ERISA documents, Defendants Medco and/or Express Scripts retaliated against Plaintiff by terminating Plaintiff's Long Term Disability benefits.

93. Defendants Medco and/or Express Script's conduct violated § 510 of ERISA, 29 U.S.C. § 1140, by terminating Plaintiff's Long Term Disability benefits.

94. The violation of § 510 of ERISA, 29 U.S.C. § 1140 is a statutory violation.

95. As a result, Plaintiff suffered harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that the Court enter judgment against Defendants and award Plaintiff **equitable relief** as follows:

(1) A Declaratory Judgment that Defendants Medco, Express Scripts, and Prudential, were fiduciaries and co-fiduciaries under the Plan;

(2) A Declaratory Judgment that Defendants Medco, Express Scripts, and Prudential breached their respective ERISA fiduciary duties to Plaintiff as a Participant and beneficiary under the Plan;

(3) A Declaratory Judgment that Defendants Medco and/or Express Scripts retaliated against Plaintiff in violation of ERISA;

(4) An Order that Plaintiff's free life insurance benefit be reinstated;

(5) An Order that Defendants Medco, Express Scripts, and/or Prudential award Plaintiff equitable relief in the form of a "surcharge" of an appropriate amount for the

failure to provide life insurance coverage to Plaintiff during the applicable period pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3);

(6) An Order that Defendants Medco, Express Scripts, and Prudential pay Plaintiff's attorneys reasonable fees and costs of this action pursuant to the provisions of § 502(g) of ERISA, 29 U.S.C. § 1132(g); and

(7) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**JARDIM, MEISNER & SUSSER, PC**
30B Vreeland Road, Suite 201
Florham Park, New Jersey 07932
Attorneys for Plaintiff,
Colleen P. Finnegan


By:     /s/ Richard S. Meisner
        RICHARD S. MEISNER (RM5223)

Dated:  November 17, 2014